RTP:VTN
F. #2021R00275

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

WILLIE GARCON,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

**TO BE FILED UNDER SEAL**

COMPLAINT AND
AFFIDAVIT IN SUPPORT
OF ARREST WARRANT

(18 U.S.C. § 1029(a)(2))

No. 21-MJ-379

EASTERN DISTRICT OF NEW YORK, SS:

      Kerry Calnan, being duly sworn, deposes and states that she is a Special Agent with the Federal Bureau of Investigation, duly appointed according to law and acting as such.

      In or about and between August 24, 2019 and May 21, 2020, within the Eastern District of New York and elsewhere, the defendant WILLIE GARCON did knowingly, and with intent to defraud, traffic in and use one or more unauthorized access devices during any one-year period, and by such conduct obtained anything of value aggregating $1,000 or more during that period, which conduct affected interstate commerce.

      (Title 18, United States Code, Section 1029(a)(2))

      The source of your deponent's information and the grounds for her belief are as follows:[1]

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

1.      I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been involved in the investigation of numerous cases involving wire fraud, bank fraud, money laundering, and other crimes. I am familiar with the facts and circumstances set forth below from my participation in the investigation, my review of the investigative file, and from reports of other law enforcement officers involved in the investigation.

2.      The New York City Office of Chief Medical Examiner ("OCME") is responsible for, among other things, investigating all deaths of persons in New York City occurring from criminal violence, by accident, by suicide, suddenly when in apparent health, when unattended by a physician, in a correctional facility, or in any unusual or suspicious manner; reviewing all applications for a permit to cremate the body of any person who dies in New York City; and serving as the mortuary for the City, with a legal mandate to take custody of all unidentified and unclaimed remains in the five boroughs. The OCME is located in New York, New York.

3.      The FBI, the New York City Department of Investigation ("DOI"), and the New York City Police Department ("NYPD") have been jointly investigating the unauthorized use of credit/debit cards in the names of decedents whose bodies were placed under the care and custody of the OCME.

4.      From on or about and between May 20, 2018 and July 12, 2020, the defendant WILLIE GARCON was employed by the OCME as a forensic mortuary technician.[2] GARCON resided in Brooklyn, New York while he was employed by the OCME.

---

[2]     From on or about February 9, 2020 until May 21, 2020, GARCON was simultaneously employed by the OCME and Burlington County Medical Examiner's Office.

5.    On or about May 21, 2020, the defendant WILLIE GARCON was arrested in New Jersey by the Lumberton Township Police Department and charged by the Burlington County Prosecutor's Office with Theft by Unlawful Taking (Third Degree) and Credit Card Theft (Fourth Degree).[3]  Law enforcement authorities recovered from GARCON and GARCON's vehicle credit and debit cards and other miscellaneous property in the names of several other individuals, including four individuals who were deceased at the time of GARCON's arrest.[4]  These four individuals were later identified from records obtained from the OCME as decedents (the "Decedents") who died in New York City and whose bodies were sent to the OCME, pursuant to local regulations, on four separate dates from on or about and between August 24, 2019 and May 5, 2020.

6.    Among the property recovered from the defendant WILLIE GARCON was a Citibank credit card in the name of Decedent-1 bearing an account number ending in 4828 ("Decedent-1's Citibank Account").  Decedent-1 died in New York, New York, and his/her body was transferred to the OCME on August 24, 2019.  I have reviewed Citibank credit card account statements associated with Decedent-1's Citibank Account, and I identified nine charges to Decedent-1's Citibank Account made after his/her death, from on or about and between August 25, 2020, and September 6, 2020, totaling $313.90.  Among the charges to Decedent-1's Citibank Account made after his/her death was a charge in the amount of $65.00 to the New York City Department of Finance ("DOF").  DOF records

---

[3]    The case is pending in Burlington County Superior Court of New Jersey.  The charges in that case do not relate to the decedents or access devices described herein.
[4]    The search of GARCON's person took place incident to his arrest on May 21, 2021; the search of GARCON's vehicle was conducted pursuant to a judicially authorized warrant on or about May 22, 2021.

show that the $65.00 payment was the amount of a fine stemming from a summons issued to GARCON on or about August 1, 2019, for a parking violation in Brooklyn, New York. Another charge made to Decedent-1's Citibank Account was a payment to BP Gas, in Brooklyn, New York, on or about August 25, 2019.

7. Among the property recovered from the defendant WILLIE GARCON was a Chase Bank debit card in the name of Decedent-2 bearing an account number ending in 5594 ("Decedent-2's Chase Debit Account"). Decedent-2 died in Bronx, New York, and his/her body was transferred to the OCME on April 26, 2020. I have reviewed Chase Bank account statements for a checking account in the name of Decedent-2 that is linked to Decedent-2's Debit Card Account, and I identified two charges made after his/her death from on or about April 28, 2020, and April 30, 2020, in the amounts of $341.00 and $45.50, respectively, from E*Z Pass New York and the Pennsylvania Turnpike Commission. E*Z Pass records show that the charge to Decedent-2's Chase Debit Card Account from E*Z Pass, in the amount of $341.00, was for the benefit of an E*Z Pass account belonging to GARCON and associated with GARCON's address in Brooklyn, New York. Pennsylvania Turnpike Commission records show that the charge to Decedent-2's Chase Debit Card Account from the Pennsylvania Turnpike Commission, in the amount of $45.50, was for the benefit of a driver identified as GARCON.

8. Among the property recovered from the defendant WILLIE GARCON was a HSBC debit card in the name of Decedent-3 with an account number ending in 4865 ("Decedent-3's HSBC Debit Account"). Decedent-3 died in New York, New York, and his/her body was transferred to the OCME on May 5, 2020. I have reviewed HSBC bank statements for a checking account in the name of Decedent-3 that is linked to Decedent-3's

HSBC Debit Account, and I identified 11 charges made after his/her death from on or about and between May 11, 2020 and May 22, 2020, totaling $564.73. One of the charges made to Decedent-3's HSBC Debit Account was a charge by American Airlines for $176.70, on or about May 20, 2020. The records of American Airlines show that the $176.70 charge was for a flight reservation for GARCON to travel from Newark, New Jersey to Fort Lauderdale, Florida, on May 30, 2020. Another charge made to Decedent-3's HSBC Debit Account was a payment to Advantage Plus Trucking, in Brooklyn, New York, on or about May 18, 2020.

9. Among the property recovered from the defendant WILLIE GARCON was a Capital One debit card in the name of Decedent-4 with an account number ending in 8804 ("Decedent-4's Capital One Debit Account"). Decedent-4 died in Bronx, New York, and his/her body was transferred to the OCME on April 21, 2020. I have reviewed Capital One bank statements for an account in the name of Decedent-4 that is linked to Decedent-4's Capital One Debit Account, and I identified 24 transactions made after his/her death from on or about and between April 24, 2020 and May 21, 2020, totaling $5,224.02. One of the charges made to Decedent-4's Capital One Debit Account was a charge by HVAC Direct for $2,716.00, on or about May 4, 2020. HVAC Direct records show that the $2,716.00 charge was for the purchase of an air conditioning system ordered on or about April 29, 2020, and delivered to an address in Boca Raton, Florida (the "Boca Raton Address") on or about May 5, 2020. Based on my search of open source databases, I am aware that GARCON previously resided at the Boca Raton Address, and that a person identified as GARCON's wife is still associated with the Boca Raton Address. The records from HVAC Direct also include a contact phone number for the purchase of the air conditioning system, and I know from my review of Verizon phone records that GARCON is the subscriber of the phone

number provided to HVAC Direct. Another charge made to Decedent-4's Capital One Debit Account was a payment to Shell Oil Gas in Brooklyn, New York, on or about May 1, 2020.

10. Based on records obtained from OCME, I am aware that in addition to performing his forensic mortuary technician duties, the defendant WILLIE GARCON also served as an OMCE driver and autopsy technician. Based on information and belief, a person assigned by the OCME as a driver or mortuary technician may be involved in various aspects of preparing a decedent's body for transport to the OCME. For each transport, there is one driver and one mortuary technician assigned. Accordingly, a driver or mortuary technician would have access to any personal property that is found on or within the general vicinity of a decedent's body.

11. According to the records of the OCME, I am aware that the defendant WILLIE GARCON was assigned to transport the bodies of Decedent-1, Decedent-2, and Decedent-3 from the location of death to the OCME. I am further aware that GARCON was present and working as an autopsy technician at the OCME in New York, New York, on April 21, 2020, when the body of Decedent-4 arrived to the OCME. I am aware from my participation in the investigation that GARCON's duties on that date would have provided him with access to the body and property of Decedent-4.

WHEREFORE, your deponent respectfully requests an arrest warrant issue so that the defendant WILLIE GARCON may be dealt with according to law. Your affiant also respectfully requests that this affidavit and any issued arrest warrant be sealed as the

defendant remains at large and public disclosure of this affidavit and/or arrest warrant may lead him to notify potential accomplices, flee or otherwise seek to avoid apprehension.

_____
Kerry Calnan
Special Agent, Federal Bureau of Investigation

Sworn to before me by telephone this
 29 day of March, 2021


  /s Roanne L. Mann
_____
THE HONORABLE ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK